**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:     (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TRANSGLOBE SHIPPING CO. LTD.

                Plaintiff,

- against -

SUDAMA EXPORT PVT. LTD.

                Defendant.

-----------------------------------------------------------X

JUDGE CASTEL

ECF CASE
07 CV 9877

**VERIFIED COMPLAINT**

      Plaintiff, TRANSGLOBE SHIPPING CO. LTD. ("Transglobe"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

### JURISDICTION AND VENUE

      1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2.  At all material times, Plaintiff, Transglobe was and now is a foreign corporation organized under and existing by virtue of the laws of the British Virgin Islands, and is the disponent owner of the M.V. NATZUTEC (the "Vessel"), a bulk carrier of about 27,921 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.  Upon information and belief, at all material times, Defendant, SUDAMA EXPORT PVT. LTD. ("Sudama"), was and is a foreign corporation organized and existing under and by virtue of the laws of the Republic of India, and was the charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

4.  On or about May 17, 2007, a voyage charter party (the "Charter") was made between Transglobe, as disponent owners of the Vessel, and Sudama as charterer whereby Defendant chartered the Vessel for the carriage of bulk iron ore from safe berths in Haldia and Paradip, Kolkata, India to safe berth in Xingang, China.

5.  The Charter provided a laytime of 5,000 metric tons per weather working day for loading at Haldia and 7,000 metric tons per weather working day for loading at Paradip, Sundays and holidays included. Demurrage was payable by Sudama to Transglobe at the rate of $16,500 per day at the loading ports. The Charter also provided that 100% freight plus demurrage if any at loading port to be payable to Transglobe within 15 banking days of signing and releasing bills of lading.

6.  Pursuant to the Charter, the Vessel arrived at Haldia to load its cargo. Delays were experienced at the loading port as a result of which demurrage in the amount of $403,296.00 was incurred.

7.  Pursuant to the terms of the Charter, Defendant should have paid the demurrage within 15 banking days of the bills of lading being signed and released to the Defendant.

8. Defendant has paid $150,000 of demurrage to the Plaintiff to date. However, despite various reminders from Plaintiff to Defendant, the Defendant has not paid the balance demurrage owed under the Charter.

9. By reasons of the premises, Plaintiff has sustained damages in the amount of $253,296 as best as can presently be calculated.

10. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the unpaid demurrage, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $100,000.

11. Arbitration of these disputes in London arbitration may take three years. Plaintiff is entitled to and would receive interest at the present rate of 8.25% from November 2007 to the completion of the arbitration or about $68,005.

12. Plaintiff's total claim against Defendant for which it seeks security herein is $421,301.

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE**, the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Sudama Export Pvt. Ltd., and that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $421,301.00, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
November 7, 2007

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
TRANSGLOBE SHIPPING CO. LTD.

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 7th day of
November, 2007

*Lila Chin*
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012